FILED
SUPERIOR COURT
OF GUAM

2024 DEC -4 PM 3:51

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JAPAN BUS LINES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>H.I.S. GUAM, INC.,<br><br>Defendants. | CIVIL CASE NO. <u>CV0514-20</u><br><br>**DECISION AND ORDER DENYING PLAINTIFF'S SECOND MOTION IN LIMINE AND DENYING DEFENDANT'S MOTION FOR LEAVE** |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on October 22, 2024, for a Motion Hearing on Japan Bus Lines, LLC's Second Motion in Limine. Attorney Joseph C. Razzano appeared for Japan Bus Lines, LLC and Attorney Phillip Torres appeared for H.I.S. Guam, Inc. Based on the relevant law and authorities the court now issues the following decision and order **DENYING** Plaintiff's Second Motion in Limine and **DENYING** Defendant's Motion for Leave to File for Summary Judgment.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On March 9, 2022, the court denied Plaintiff's Motion for Summary Judgment regarding the frustration of purpose defense. Mot. in Limine to Exclude Frustration of Purpose Def. ¶ 3 (2024). Plaintiff moved for reconsideration, and, on August 16, 2022, the court denied the Plaintiff's Motion for Reconsideration. *Id.* at ¶ 4. On January 3, 2024, Plaintiff filed a Motion in

Limine, praying again to exclude the frustration of purpose defense. *Id.* On May 16, 2024, the court again denied this Motion. Dec. & Order Denying Mot. To Exclude Frustration of Purpose Defense (May 16, 2024). On September 27, 2024, Plaintiff filed a Second Motion in Limine requesting that the court prohibit Defendant H.I.S. Guam from arguing that the COVID-19 pandemic was the event that frustrated the contract purpose, rather than governmental regulations which came as a result of the pandemic. Plaintiff's Second Mot. in Limine (Sept. 27, 2024). H.I.S. Guam filed its Opposition to this Motion on September 30, 2024, and proceeded to file a Motion for Leave to File Motion for Summary Judgment on October 14, 2024. Amended Oppo. to Plaintiff's Second Mot. in Limine (Oct. 10, 2024); Defendant's Mot. For Leave (Oct. 17, 2024). Japan Bus Lines filed its Reply to H.I.S. Guam's Amended Response on October 17, 2024. Plaintiff's Reply to Amended Oppo. To Second Mot. In Limine (October 17, 2024). The Parties also discussed the Motion in Limine at a Motion Hearing held on October 22, 2024, at which time counsel for Defendant H.I.S. Guam brought up two cases to support its position. Plaintiff then responded to these cases by filing a Response with the court on October 29, 2024. That same day, Defendant prematurely filed its Motion for Summary Judgment. This motion was opposed by Plaintiff as being premature and was later withdrawn by Defendant. Therefore, based on these pleadings, the outstanding motions are 1) Plaintiff's Second Motion in Limine and 2) Defendant's Motion for Leave to File for Summary Judgment, both of which have received responses from the opposing party.

The relevant substantive facts regarding Plaintiff's Second Motion in Limine and Defendant's Motion for Leave to File for Summary Judgment are as follows:

1.  The contract at issue in this case required Plaintiff provide transportation services to Defendant in exchange for Defendant paying an amount to Plaintiff each month. Mot. in Limine to Exclude Frustration of Purpose Def. ¶ 4 (2024) (citing Exhibit "A").

2.  The contract began on April 1, 2013, and through subsequent extensions, was set to expire on March 31, 2021. *Id.* citing Exhibit "B."

3.  On March 14, 2020, the governor of Guam, pursuant to 10 GCA § 19401, declared a state of emergency for Guam as a result of the effects of COVID-19 arriving on Guam. E.O. 2.20-03.1 Pursuant to 10 GCA § 19405(b), this declaration of emergency was set to expire on April 13, 2020. Thereafter, on March 20, 2020, the governor of Guam closed all non-essential businesses. *Id.* at ¶ 4, 5.

4.  Defendant claims that on or about March 19, 2020, the Guam Visitor's Bureau ("GVB") issued a memorandum clarifying the Governor's Executive Orders, stating in item 13 of the memo that tour buses were not allowed to operate. Amend. Oppo. To Plaintiff's Second Mot. In Limine, pg. 7.

5.  On April 8, 2020, the Department of Public Health and Social Services (DPHSS) issued DPHSS Memorandum 2020-05, which provided further guidance on E.O. 2020-05. The Memo declared that private transportation providers providing transportation services necessary for essential activities were essential businesses. Mot. in Limine to Exclude Frustration of Purpose Def. ¶ 5.

6.  On April 13, 2020, Defendant informed Plaintiff that it was not willing to pay the full amounts due under the contract despite, as Plaintiff claims, being ready, willing, and able to provide transportation services. *Id.*

7. On May 5, 2020, Plaintiff sent a letter to Defendant declaring Defendant in default of the contract for failure to pay the amounts due and requiring Defendant to cure the default by May 20, 2020. *Id.* (citing Exhibit "E").

8. On May 7, 2020, DPHSS issued DPHSS Memo 2020-7 declaring that shopping centers and mall operations may open upon the governor's declaration of Pandemic Condition of Readiness 2 ("PCOR 2"), which declaration occurred on May 10, 2020. *Id.* at ¶ 6.

9. On May 20, 2020, Defendant had not cured their breach. Plaintiff issued a formal termination letter on May 27, 2020, to Defendant and informed Defendant they would seek all amounts due under the contract. *Id.* citing Exhibit "H."

## II.  LAW AND DISCUSSION

### A. Addressing Misunderstandings of Court Decisions: Breach and Contract Purpose

It has become clear to this court through the recent filings from both parties that there is some misunderstanding regarding the Decisions and Orders of this court on the points of whether the court has declared that 1) Defendant breached the contract and 2) the exact purpose of the contract. Rather than allow this issue to extend proceedings further, this court now clarifies the meanings of the previous Decisions.

On March 9, 2022, the court issued a Decision finding that the purpose of the contract was in dispute and that Defendant's failure to pay the April invoice constituted a breach of contract, but did not determine the damages resulting from this breach. However, in the Decision from August 16, 2022, the court recognized that it had made an error in determining that the purpose of

the contract was in dispute, and found the purpose of the contract to be "to provide bus services...to transport HIS customers on a shopping tour."

Defendant makes the argument that the court's March 9, 2022 finding that the defendant breached the contract no longer applies because the court identified the purpose of the contract in its August 16, 2022 Decision and because Plaintiff violated that purpose when it provided no bus services after March 21, 2020. Amended Opposition to Plaintiff's Second Motion in Limine. However, this is an incorrect interpretation of the meaning of the court's second decision regarding the breach. The court acknowledges that "[d]efendant's pleadings sufficiently raise genuine issues of material factual dispute over 1) whether the contract's principal purpose was substantially/severely frustrated, and 2) whether the source of that frustration was reasonably foreseeable." It is possible for the court to recognize that the Defendant did breach the contract, while acknowledging that the Defendant may have a valid defense of frustration of purpose. This is what the court has done here. If the court meant to retract its earlier statement that Defendant did indeed breach, it would have stated that in the August 2022 Decision.

Therefore, based on the previous Decisions and Orders in this case, this court now clarifies that these decisions should be interpreted to mean that 1) Defendant breached the contract, but this does not preclude them from bringing the defense of frustration of purpose and 2) the exact purpose of the contract was to "provide bus services...to transport H.I.S. customers on a shopping tour."

## B. Plaintiff's Second Motion in Limine is Denied

Plaintiff, Japan Bus Lines, has requested through its Second Motion in Limine that this court prohibit Defendant, H.I.S. Guam, from arguing the foreseeability of the COVID-19 pandemic under its frustration of purpose defense rather than the foreseeability of governmental

regulations affecting its operations. When a Motion in Limine is granted, it "exclude[s] evidence before the evidence is offered at trial, on grounds that would be sufficient to object to or move to strike the evidence." *Edwards v. Centex Real Estate Corp.*, 53 Cal. App. 4th 15, 26 (1997); *see also Palmer*, 2021 Guam 5 ⁋ 20. The purpose of a Motion in Limine is to prevent the jury from hearing and therefore considering inadmissible evidence after that evidence is stricken from the record. *Id.*

These parties and this court have previously established what is required of the Defendant under the claimed frustration of purpose defense. To prove the defense, Defendant must 1) show that both parties agreed to the basic purpose of the contract, which purpose has been destroyed by a supervening event; 2) show the supervening event is of the nature that it could not have reasonably been foreseen and that the frustration was so severe that it was not within the assumed risks present in the contract; and 3) show the value of counter performance for the party seeking the defense is substantially or totally destroyed. *Palmer v. Mariana Stones Corp.*, 2021 Guam 5 ⁋ 31.

Plaintiff has previously made the argument that Defendant should not be allowed to bring the frustration of purpose defense because it has been disfavored in other jurisdictions in the context of COVID-19. In one of these motions, Plaintiff quoted a California court as saying that "where a government regulation is not a permanent prohibition but merely temporary, the commercial frustration doctrine does not apply" and that the COVID-19 "government closure orders were temporary, which precludes the application of a commercial frustration defense." *SVAP III Poway Crossings, LLC v. Fitness International, LLC*, 87 Cal. App. 5th 882, 896 (January

20, 2023). Plaintiff uses this argument to attempt to convince the court that Defendant's evidence supporting its frustration of purpose defense is not only ineffective, but also inadmissible.

As detailed above, Plaintiff now makes the adjacent but slightly different argument that the court must separate the issue of the foreseeability of the COVID-19 pandemic from the foreseeability of governmental regulations affecting Defendant's operations, and admit only evidence and argument concerning foreseeability of government regulations. Plaintiff supports this argument with rental caselaw from Illinois, Pennsylvania, and other states. These cases, however, are not binding on Guam. Furthermore, they are also easily differentiated from the present case because they concern leases where one party still had use of the property, and therefore the "benefit of the bargain." This case, in contrast, is about a two-way contract where neither party was gaining anything from the contract during the shutdown.

Plaintiff correctly asserts that Defendant has failed to provide persuasive caselaw showing that the evidence of the foreseeability of the COVID-19 pandemic should be admitted. However, this assertion gets to the center of the problem with both parties' arguments: binding Guam caselaw on whether or not the commercial frustration defense applies to COVID-19 or government regulations associated with it does not yet exist. The Supreme Court of Guam is the highest court in this Territory and the high court's decisions can only be appealed to the U.S. Supreme Court. See 2004, H.R. 2400 (Pub. L. 108-378) and *Santos v. Guam*, 43 6 F. 3 d 1051 (2006) (confirming that the Ninth Circuit no longer had jurisdiction over the Guam Supreme Court, which has since only been subject to review by the U.S. Supreme Court). As such, decisions of the present court are only bound by the Guam Supreme Court or the United States Supreme Court, and not courts in California, Illinois, Pennsylvania, or any other state. This court reiterates its earlier statement

that "[t]he law regarding this issue in Guam remains unclear and undecided... [which is] [a]ll the more reason for the commercial frustration defense not to be precluded, so that the Guam courts system might make its own decision and provide clarity." Dec. & Order Denying Mot. to Exclude Frustration of Purpose Defense (May 16, 2024).

Under the Guam Rules of Evidence Rule 402, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by the Organic Act of Guam, by the laws of Guam, by these Rules or other rules prescribed by the Supreme Court of Guam pursuant to statutory authority." The court determines admissibility of evidence based on these established standards, and relevant evidence is inadmissible only when there is a specific legal rule asserting it cannot be heard. The only exception to this admissibility standard is found in Evidence Rule 403, which states that evidence may be excluded when "its probative value is *substantially* outweighed by the danger of unfair prejudice" (emphasis added). While Plaintiff has previously made arguments under 403, it has not used this rule in regard to barring evidence of the foreseeability of the pandemic. This court sees no reason under the laws of Guam or the decisions of the United States Supreme Court or the Supreme Court of Guam that evidence of the foreseeability of the pandemic is inadmissible. Therefore, this court finds that it may be admitted into evidence for the trier of fact to consider and weigh, along with all other evidence.

Additionally, the court notes that this is the fourth time Plaintiff has challenged the admissibility of Defendant's frustration of purpose defense, with the Court responding by allowing the defense to proceed. The court will not entertain any further motions from the Plaintiff regarding Defendant's frustration of purpose defense.

## C. Defendant's Motion for Leave to File for Summary Judgment is Denied

Generally, a party is allowed to file a motion for summary judgment at any time until 30 days after the close of all discovery. Guam Rules of Civil Procedure Rule 56(b). Under the Guam Rules of Civil Procedure Rule 16(b)(4), a court schedule may be modified "only for good cause and with the judge's consent." The court finds that there is not good cause to allow the Defendant to file for Summary Judgment at this point because there is not a substantial reason to alter the established court schedule.

The court agrees with Defendant's assessment that the parties have misunderstood the Decisions of this court regarding breach and the purpose of the contract in a manner which could impact evidence at trial. However, rather than allow Defendant to file to Summary Judgment and once again extend the life of this case, the court has chosen to clarify these Decisions in the present Order, eliminating any good cause that may have existed to allow for such a filing (*See* section A).

Granting leave to Defendant to file for Summary Judgment at this stage would be a waste of court time because the parties' circumstances remain the same as they were when Plaintiff's Motion for Summary Judgment was denied in August 2022. At this time, the court stated that "summary judgment is not appropriate because several elements of Defendant's frustration of purpose defense remain in material factual dispute." Decision and Order Denying Plaintiff's Motion for Reconsideration of Motion for Summary Judgment.

A motion for summary judgment may be granted if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Guam R. Civ. P. 56(a). The pleadings and the substantive law determine the "materiality" of particular facts. *Anderson v. Liberty Lobby, Inc.*, 477 US 242, 248 (1986). The court must view the evidence and

draw inferences in the light most favorable to the non-movant. *Edwards v. Pacific Fin. Corp.*, 2000 Guam 27, 7. If the court were to allow Defendant to file for Summary Judgment, the Motion would quickly be dismissed because there are still several material facts that parties do not agree on, which could be determinative in this case. In particular, the court draws attention to the parties' dispute regarding the interpretation of government regulations for tour buses during the COVID-19 pandemic. Plaintiff claims that tour buses were allowed to operate essential services, and Defendant claims that GVB had completely barred tour buses from operating at all. Until factual questions like this one are no longer in question, the only way to resolve this dispute is through trial, not summary judgment motions.

## D. Counterclaims

The court acknowledges Plaintiff's request that the court order Defendant to identify on the record whether it will continue to prosecute its counterclaims. Plaintiff's Reply to Amended Oppo. to Second Mot. in Limine. The court therefore requests that the Defendant shall submit a summary of the current status of its counterclaims within 10 days of this Decision.

/

/

/

/

/

/

/

/

/

## III.   CONCLUSION AND ORDER

Based on the foregoing, the court DENIES Plaintiff's Second Motion in Limine and

DENIES Defendant's Motion for Leave to file for Summary Judgment. At the resolution of these

motions, the court is prepared to move forward with trial. An Order setting out the Pretrial

Conference and the Trial date shall be sent out by the Court. Plaintiff shall submit a summary of

the current status of its counterclaims within 10 days of this decision and a Request for a Jury, if

desired.

**SO ORDERED** ___12—/4___ , 2024.

_____
**HON. JOHN C. TERLAJE**
**Judge, Superior Court of Guam**